JOHN NOBLE & wife *vs.* ABNER PHELPS, Executor.

A testator in his will gave to his daughter the use of certain apartments, with certain other privileges in his dwelling-house and the appurtenances, with a provision annexed that if any dispute should arise as to his true meaning, in this or any other part of his will, the decision of his executor thereupon should be final; he also gave to her such furniture and other household articles as might be necessary for her to use; and by a subsequent clause he gave to her certain specific money legacies, payable in one, two, three and four years respectively, with a provision that, if she should marry and die within said four years, then each of said legacies that should not have been paid should be otherwise disposed of; *Held,* that the executor has no right to refuse payment of the money legacies as they become payable.

CONTRACT to recover a legacy of one hundred dollars, alleged to be due to the female plaintiff from the defendant, as executor of the last will and testament of her father, Peter Sanborn.

The testator in his will gave to the female plaintiff the use of certain apartments, with privileges in other parts of his dwelling-house and the appurtenances, during the time that she should remain unmarried, with an accompanying provision that, if any dispute should arise as to his true meaning in this or any other part of the will, his executor was empowered to decide the same, and his decision should be final. He also gave to her such furniture and other specified articles of household use as might be necessary for her. A subsequent clause in the will was as fol·lows: — " Also, I give her one hundred dollars to be paid in one year after my decease; also one hundred dollars more to be paid in two years after my decease; and also one hundred dollars more to be paid in three years after my decease; and also one thousand dollars more to be paid her in four years after my decease, provided she shall be living at that time. But it is my will that if my said daughter should marry and die without an heir or heirs by said marriage within four years from the time of my decease, then each of the above named bequests, that shall not have been paid, shall revert to my estate. But in case she shall leave an heir or heirs, who shall arrive at four years of age, then each of her children shall possess such unpaid bequests in equal proportions."

At the trial in the superior court, it appeared that the defendant, as executor, has sufficient assets for all debts and legacies, but he denied his liability to pay this legacy, on the ground that his liability to pay was matter of dispute between himself and the legatee, and that he had decided, as by power conferred upon him by the will he rightfully might do, that there was no liability on his part to pay it, and that his decision was binding upon the legatee, he having come to that conclusion, and notified the legatee before the legacy became payable; and, secondly, that, by the true construction of the will, all provision for the female plaintiff ceased by her marriage.

It also appeared that the female plaintiff married Noble, the other plaintiff, after the will of her father was executed and before his death; and that she has two children, one of whom, when the legacy became payable, was more, and the

other less, than four years old; and that she made demand of payment of said legacy after it became payable.

Upon these facts, *Lord*, J. directed a verdict for the plaintiffs, and reported the case for the determination of this court.

*B. F. Hallett*, for the defendant.

*C. P. Judd*, for the plaintiffs, was not called upon.

HOAR, J. The power given to the executor to decide upon the true meaning of the will, in case of any dispute arising respecting it, and making his decision final, is found in connection with those clauses in the will which give to the testator's daughter the use of certain apartments and furniture, with privileges in the kitchen, cellar, &c. which could not be defined with absolute precision. Although it is extended by the phrase, " or any other part of this my will," we think it obvious that this must be construed to apply only to other similar provisions in other parts of the will which were not precise and definite, and that it could have no application to a specific legacy of a sum of money, payable at a fixed time, and about which there could be no dispute, unless of the executor's own making, by his failure to perform his plain legal duty.

The legacies of one hundred dollars each were payable, respectively, in one, two and three years from the testator's death. But if the daughter should marry and die without an heir or heirs by said marriage, within four years from his decease, then each of the bequests, that should not have been paid, is to revert to his estate. We have no doubt the phrase, " that shall not have been paid," is equivalent to " shall not have become payable;" and that the testator did not contemplate any such contingency as that of the executor's holding back a legacy which was due, and which he had the means to pay.

The opinion of the judge who presided at the trial was entirely correct, and there must be

*Judgment for the plaintiffs on the verdict.*